IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60189-CIV-SEITZ/O'SULLIVAN

**MASSOOD N. JALLALI,**

      **Plaintiff,**

v.

**ARNE DUNCAN, in his official
capacity as Secretary of the United States
Department of Education, and UNITED
STATES DEPARTMENT OF EDUCATION,**

      **Defendant.**

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Complaint [DE-20], in which Defendants seek to dismiss all counts of Plaintiff's complaint based on collateral estoppel, or issue preclusion. Plaintiff's four count complaint seeks declaratory relief, review of agency action, implied private right of review of agency action, and mandamus to compel. Plaintiff alleges that Defendants failed to investigate a complaint he filed with the Department of Education, in which he essentially seeks a determination that Nova Southeastern University (Nova) acted arbitrarily and capriciously when it refused to issue Plaintiff his degree. Defendants move to dismiss the complaint because a court has already determined that Nova did not act arbitrarily or capriciously.

### I. Procedural History

This case was filed on February 8, 2010. Prior to filing this action, Plaintiff filed an administrative complaint with the Department of Education (DOE), in which he sought a determination by the DOE of three issues: (1) whether Plaintiff had completed all the requirements for issuance of a degree; (2) whether Nova violated the terms of the Accreditation of Colleges of Osteopathic

Medicine; and (3) whether Nova acted arbitrarily and capriciously in refusing to issue Plaintiff a degree. The complaint filed with the DOE sought an order compelling Nova to award Plaintiff his degree. On January 7, 2010, the DOE sent Plaintiff a letter stating that it had no authority to order an university to grant a degree to an individual. Thereafter, Plaintiff filed this complaint seeking a review of the actions of the DOE.

Prior to the filing of this action and the DOE complaint, the United States had filed an action against Plaintiff to recover on defaulted student loans (the student loan case). In that case, Plaintiff filed a counterclaim alleging three counts: (1) that the United States was negligent in failing to protect Plaintiff from the arbitrary and capricious actions of Nova; (2) that the United States negligently supervised Nova allowing it to act arbitrarily and capriciously; and (3) that the arbitrary and capricious actions of Nova constitute grounds for rescission of the student loan contracts. That counterclaim was dismissed on collateral estoppel, or issue preclusion, grounds based on the holding in *Jallali v. Nova Southeastern University, Inc.*, 992 So. 2d 338 (Fla. 4th DCA 2008). In the *Jallali* case the Fourth District Court of Appeals held that Nova's actions relating to Plaintiff were neither arbitrary and capricious nor done for a fraudulent reason.[1] Based on the doctrine of collateral estoppel and the decision in the *Jallali* case, this Court dismissed Plaintiff's counterclaim in the student loan case.

Defendants now argue that based on the *Jallali* case and this Court's decision in the student loan case, Plaintiff's claims in the instant case are also barred by collateral estoppel.

## II. Discussion

Defendants argue that Plaintiff's complaint should be dismissed because all of the claims are based on the DOE's alleged failure to protect Plaintiff from injury or damage allegedly caused by the

---

[1] While Plaintiff is proceeding *pro se* in the instant case, Plaintiff was represented by counsel throughout the proceedings in the state court case.

arbitrary and capricious acts of Nova when Nova refused to confer a degree on Plaintiff. Defendants assert that these are the same claims raised by Plaintiff in the *Jallali* case and in the student loan case. Thus, because a Florida court has already held that Nova did not act arbitrarily and capriciously in refusing to grant Plaintiff his degree, and such a finding is what Plaintiff seeks here, Plaintiff's claim should be dismissed.

The Eleventh Circuit has established three prerequisites for collateral estoppel to preclude a claim: (1) the issue at stake must be identical to the one alleged in prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue must have been a critical and necessary part of the judgment in that litigation. *Mike Smith Pontiac, GMC, Inc. v. Mercedes-Benz of North America, Inc.*, 32 F.3d 528, 532 (11th Cir. 1994); *Greenblatt v. Drexel Burnham Lambert, Inc.* 763 F.2d 1352, 1360 (11th Cir. 1985). Further, "issues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal suit." *Mercedes-Benz*, 32 F.3d at 352.

All of Plaintiff's counts in the instant action rest on the claim that DOE failed to investigate whether Nova acted arbitrarily and capriciously. However, because a court has already determined that Nova did not act arbitrarily and capriciously, the basic premise of Plaintiff's claims fails – that Nova did act arbitrarily and capriciously. If a court has already found that Nova did not act arbitrarily and capriciously, and thus was not liable to Plaintiff, then DOE cannot be liable to Plaintiff for its alleged failure to ensure that Nova did not act arbitrarily and capriciously. Furthermore, DOE has no authority or duty to direct, supervise, or control Nova under 20 U.S.C. § 3403(b), which states

> No provision of a program administered by the Secretary or by any other officer of the Department shall be construed to authorize the Secretary or any such officer to exercise any direction, supervision, or control over the curriculum, program of instruction, administration, or personnel of any educational institution, school, or school system, over any accrediting agency or association, or over the selection or content of library resources, textbooks, or other instructional materials by any educational institution or school system, except to the extent authorized by law.

3

Thus, the DOE did not owe a duty to Plaintiff to investigate Plaintiff's claim.

In his response, Plaintiff argues that the DOE has a duty to investigate any violations of the Program Participation Agreement[2] executed by Nova. However, Plaintiff, in his response to the Motion to Dismiss, expressly acknowledges that he has no right to enforce the Program Participation Agreement. Furthermore, Plaintiff cites to no authority that establishes that the DOE has a duty to investigate his complaint. Lastly, even if DOE has a duty to investigate Plaintiff's complaint, there is nothing to investigate because a court has already determined that Nova did not act wrongly in its refusal to confer a degree on Plaintiff. Therefore, Defendants' Motion to Dismiss should be granted.

Accordingly, it is hereby:

ORDERED that:

1. Defendant's Defendants' Motion to Dismiss Complaint [DE-20] is GRANTED. This matter is DISMISSED with PREJUDICE.

2. All pending motions not otherwise ruled upon are DENIED as moot.

3. This case is CLOSED.

DONE and ORDERED in chambers at Miami, Florida, this ___9th___ day of December, 2010.

PATRICIA SEITZ
UNITED STATES DISTRICT JUDGE

cc: Aloyma M. Sanchez, AUSA
Dr. Massood Jallali, pro se

---

[2]In order to be eligible to receive Title IV funding under the Higher Education Act, a recipient school must execute a Program Participation Agreement.